**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0570-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

EMMANUEL GARCIA,

    Defendant-Appellant.

_____

> Submitted December 10, 2024 – Decided December 20, 2024
>
> Before Judges Sumners and Perez Friscia.
>
> On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 13-01-0098.
>
> Jennifer N. Sellitti, Public Defender, attorney for appellant (Mark Zavotsky, Designated Counsel, on the brief).
>
> Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (David M. Liston, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Emmanuel Garcia appeals from the February 12, 2021 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm because the petition was procedurally barred and otherwise lacked merit.

I.

On October 1, 2012, defendant was driving on Route 18 in East Brunswick when he noticed a police vehicle was following him, and the officer was "running [his] plates." As defendant had a suspended driver's license, he made a U-turn to evade detection. The officer activated his overhead lights to effectuate a stop of defendant's vehicle. Defendant failed to pull over and instead drove at a high rate of speed, attempting to elude the officer. A second police vehicle joined in pursuing defendant with lights and sirens activated. Defendant drove in a dangerous manner, knowing he was putting others at "risk of death or injury." After defendant collided with a vehicle driven by Dolores Krowicki, with her daughter, Karen Larue, as a front seat passenger, he fled the accident scene. Both women died from the accident.

On January 23, 2013, a Middlesex County grand jury indicted defendant with: second-degree eluding, N.J.S.A. 2C:29-2(b) (count one); first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1) (counts two and four); first-

degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(2) (counts three and five); second-degree vehicular homicide, N.J.S.A. 2C:11-5 (counts six and seven); second-degree leaving the scene of a motor vehicle accident resulting in death, N.J.S.A. 2C:11-5.1 (counts eight and nine); third-degree causing death while driving with a suspended license, N.J.S.A. 2C:40-22(a), N.J.S.A. 39:3-40, (counts ten and eleven); and third-degree hindering apprehension or prosecution, N.J.S.A. 2C:29-3(b)(4) (counts twelve through sixteen).

On July 11, defendant entered a negotiated plea agreement. Defendant pleaded guilty to counts one, three, five, and eight. Pursuant to the plea agreement, the State recommended concurrent twenty-five-year terms of imprisonment on counts three and five, subject to an eighty-five percent period of parole ineligibility under the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. The State also recommended a five-year term of imprisonment on count one and a five-year term of imprisonment on count eight, subject to NERA, to run concurrently with counts three and five. The State agreed to recommend dismissal of the remaining counts, and defendant reserved the right to seek a lesser sentence.

After the trial court accepted defendant's guilty plea, the court sentenced him in accordance with the plea agreement, except for imposing concurrent

3

twenty-four-year terms of imprisonment on counts three and five. Defendant filed a direct appeal, challenging his sentence. On May 4, 2015, we heard defendant's direct appeal on a Sentencing Oral Argument (SOA) calendar, pursuant to Rule 2:9-11. The SOA panel issued an order affirming defendant's sentence but remanded the matter "to the trial court to amend the judgment of conviction [(JOC)] to remove the reference to NERA for the sentence on count eight, leaving the scene of a fatal accident, N.J.S.A. 2C:11-5.1, because NERA does not apply." On June 4, the trial court entered an amended JOC.

On July 22, 2022, defendant filed his first PCR petition, alleging ineffective assistance of counsel (IAC) and an excessive sentence. At argument before the PCR court, defendant's counsel acknowledged the petition was untimely but argued excusable neglect, because defendant's attorney during plea negotiations and sentencing "did not confer with him and discuss any strategy." The court concluded defendant's PCR petition was untimely filed pursuant to Rule 3:22-12(a). The court found defendant "was sentenced on November 13, 2013, and the instant petition for [PCR] was filed on July 29, 2022." Further, it found defendant offered no facts establishing excusable neglect.

On appeal, defendant raises the following points for our consideration:

POINT I

DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL FOR COUNSEL'S FAILURE TO ADEQUATELY INVESTIGATE HIS CASE PRIOR TO ADVISING DEFENDANT TO ACCEPT A ONE-TIME PLEA OFFER.

(A)    APPLICABLE LAW.

(B)    DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL FOR COUNSEL'S FAILURE TO SUFFICIENTLY COMMUNICATE WITH HIM, SO HE MAY PARTICIPATE IN HIS OWN DEFENSE AND OFFER CRITICAL INFORMATION AVAILABLE TO NEGOTIATE A MORE FAVORABLE PLEA.

POINT II

DEFENDANT'S PETITION FOR POST CONVICTION RELIEF SHOULD NOT BE TIME BARRED BECAUSE DEFENDANT'S DELAY IN FILING WAS DUE TO EXCUSABLE NEGLECT AND THE INTEREST OF JUSTICE REQUIRE HIS CLAIMS BE HEARD.

II.

In the absence of an evidentiary hearing, we review de novo the factual inferences drawn from the record by the PCR court as well as the court's legal conclusions. State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020). "A

5

prima facie case is established when a defendant demonstrates 'a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'"  State v. Porter, 216 N.J. 343, 355 (2013) (quoting R. 3:22-10(b)).

A petitioner is not automatically entitled to an evidentiary hearing by simply raising a PCR claim.  State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).   If defendant's "allegations are too vague, conclusory, or speculative," an evidentiary hearing is unwarranted.  Porter, 216 N.J. at 355 (quoting State v. Marshall, 148 N.J. 89, 158 (1997)).

Pursuant to Rule 3:22-12(a)(1), a first petition for PCR must be filed no "more than [five] years after the date of entry pursuant to Rule 3:21-5 of the [JOC] that is being challenged unless" defendant establishes the delay in filing "was due to defendant's excusable neglect and . . . there is a reasonable probability that if the defendant's factual assertions were found to be true[,] enforcement of the time bar would result in a fundamental injustice."  R. 3:22-12(a)(1)(A).  The five-year time limitation runs from the date of the conviction or sentencing, "whichever the defendant is challenging."  State v. Milne, 178 N.J. 486, 491 (2004) (quoting State v. Goodwin, 173 N.J. 583, 594 (2002)).

Although the time limitations are not absolute and may be waived to prevent a fundamental injustice, the rules must be viewed in light of their dual key purposes: "to ensure that the passage of time does not prejudice the State's retrial of a defendant" and "'to respect the need for achieving finality.'" State v. DiFrisco, 187 N.J. 156, 166-67 (2006) (quoting State v. Mitchell, 126 N.J. 565, 575-76 (1992)). Accordingly, "a court should relax Rule 3:22-12's bar only under exceptional circumstances. The court should consider the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an injustice sufficient to relax the time limits." Mitchell, 126 N.J. at 580 (internal quotation marks omitted). "[W]hen a first PCR petition" is "filed more than five years after the date of entry of the [JOC]," the PCR court "has an independent, non-delegable duty to question the timeliness of the petition, and to require that defendant submit competent evidence to satisfy the standards for relaxing the rule's time restriction[]." State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018); see also R. 1:3-4(c) (prohibiting the court and the parties from enlarging the time to file a petition for PCR under Rule 3:22-12).

To succeed on an IAC claim, a defendant must satisfy both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), as adopted

by <u>State v. Fritz</u>, 105 N.J. 42, 58 (1987), by a preponderance of the evidence. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Strickland</u>, 466 U.S. at 687. A trial court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "the defendant must overcome the presumption that, under the circumstances, the challenged action [by counsel] 'might be considered sound trial strategy.'" <u>Id.</u> at 689 (quoting <u>Michel v. Louisiana</u>, 350 U.S. 91, 101 (1955)). Under the second prong of the <u>Strickland</u> test, the defendant must show "the deficient performance prejudiced the defense." <u>Id.</u> at 687. This means "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Ibid.</u> It is insufficient for the defendant to show the errors "had some conceivable effect on the outcome." <u>Id.</u> at 693.

## III.

Defendant contends the court erred in finding his PCR petition time-barred because he sufficiently demonstrated excusable neglect, and the interests of justice mandate his claims be heard. Defendant filed his PCR petition over eight years after the court entered the JOC on November 14, 2013. Defendant

8

argues excusable neglect exists because "he acted immediately" after "bec[oming] aware of his right to file a [PCR]." We are unpersuaded.

A defendant's lack of knowledge of the law does not serve to support excusable neglect. See State v. Murray, 162 N.J. 240, 246 (2000). Notably, the record undermines defendant's alleged lack of knowledge concerning the time to file a PCR petition. On November 14, the sentencing court advised defendant he had five years to file for PCR. After the sentencing court advised defendant of his appellate rights and inquired whether defendant understood, he responded affirmatively. After reviewing the record and defendant's arguments, we discern no error in the PCR court's finding that defendant's petition was untimely and that he failed to demonstrate facts supporting "excusable neglect" and "entitle[ment] to relaxation" of the time bar.

We note defendant further contends that in 2013, he raised IAC in a letter to the Office of the Public Defender because defense counsel on direct appeal failed to advise him of "further appeals." The State argues defendant did not raise this issue below and, therefore, we should not consider the argument on appeal. A review of the PCR court's opinion does not illustrate defendant raised this argument in his petition. See State v. Robinson, 200 N.J. 1, 20 (2009) ("[O]ur appellate courts will decline to consider questions or issues not properly

presented to the trial court when an opportunity for such a presentation is available unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest." (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973))).

Nevertheless, having considered all of defendant's contentions, we conclude he failed to establish competent evidence of a material issue of fact to warrant an evidentiary hearing for his IAC claim. His conclusory assertions of IAC based on plea counsel's alleged failure to investigate, communicate with him, and negotiate mitigating information for a better plea offer do not meet the threshold of demonstrating deficient representation. We note, in the context of demonstrating prejudice after a guilty plea, "a defendant must prove 'that there is a reasonable probability that, but for counsel's errors, [he or she] would not have pled guilty and would have insisted on going to trial.'" State v. Gaitan, 209 N.J. 339, 351 (2012) (alteration in original) (quoting State v. Nuñez Valdéz, 200 N.J. 129, 139 (2009)) (internal quotation marks omitted). Further, defendant has failed to assert reliable material facts supporting that plea counsel's performance prejudiced his defense. "To establish such a prima facie case, the defendant must demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits." Marshall, 148 N.J. at 158 (italicization

10

omitted).  We conclude, pursuant to <u>Rule</u> 3:22-12(a)(2)(B), defendant has failed to allege the discovery of sufficient evidence of a "factual predicate for the relief sought" that was otherwise not discoverable through "the exercise of reasonable diligence."

In sum, after reviewing the record, we discern the PCR court properly determined defendant's arguments were untimely.  Even if defendant's PCR arguments were not procedurally barred, however, we are satisfied defendant failed to show either prong of the <u>Strickland</u>/<u>Fritz</u> test.  Absent a prima facie showing of IAC, an evidentiary hearing was not necessary to resolve defendant's PCR claims.  <u>See</u> <u>State v. Preciose</u>, 129 N.J. 451, 462 (1992).

To the extent not addressed, defendant's remaining arguments lack sufficient merit to warrant discussion in a written opinion.  <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-0570-23